Turley, J.
delivered the opinion of the court.
• This is an attachment bill, on the part of Dyer Pearl, against Decatur Hansborough and his wife Margaret J. Hansborough, resident citizens of the State of Mississippi, to have subjected to the payment of a debt due him from Decatur Hansborough, certain negro slaves, Patsy, Constance, Nicholas, Mary and Martha, which he insists are the property of said Hansborough, and legally chargeable with said debt.
Hansborough and wife answer and deny that the right of property in said negroes is in said Decatur Hansborough, *429 but on the contrary, is in the said Margaret J. Hansborough, the wife of the said Decatur, as her separate property, acquired by her in her own individual right, free from the debts of her husband, and all his marital rights, that they are residents of the State of Mississippi, that being so resident, she, the said Margaret, by contract made with her father, Ewen Cameron, became the owner of said negroes in her own right, and that by law of Mississippi a married woman may become seized and possessed of any property, real or personal, by direct bequest, devise, gift, purchase, or distribution in her own name and as of her own property.
In support of this claim of right, on the part of Margaret J. Hansborough, she produces a bill of sale for the negroes, from her father, Ewen Cameron, bearing date on the 9th day of May, 1843, and by which he, in consideration of natural love and affection and one hundred dollars, gave and conveyed to her, the said Margaret, the slaves attached by the bill, and the subject matter of this controversy.
This transaction, Dyer Pearl, the complainant, insists was colorable and made solely to hinder and delay the creditors of said Decatur Hansborough, that in point of fact the negroes were" purchased from Ewen Cameron, by Decatur Hansborough for his own use, that he paid the consideration, and that the conveyance was made to assume the form it did, to enable him to evade the payment of his debts and to secure himself and family in the enjoyment of this property, freed therefrom.
In the midst of the controversy, between Dyer Pearl and Decatur Hansborough and wife, Donald Cameron and Richard M. Crooke, administrators of Ewen Cameron, deceased, file a bill, in the nature of a cross-bill, against Dyer Pearl and Decatur Hansborough and wife, in which *430 they allege that the transaction between their intestate, Ewen Cameron, and his daughter, Margaret J. Hansbo-rough, in relation to these negroes, was not a gift from him to her for the nominal consideration of one hundred dollars and natural love and affection, but on- the contrary, that it was a contract of purchase for a full, fair, and valuable consideration: and that in consideration of said conveyance made and executed by Ewen Cameron to Margaret J. Hansborough- on the 9th day of May, 1843, for the negroes in controversy, she executed to him her two individual notes in her own name and without the joinder of her husband; one for five hundred dollars and one for seven hundred and fifty dollars, amounting in the aggregate to the sum of twelve hundred and fifty dollars, and that it was agreed between them that the possession of these negroes should remain with the said Ewen Cameron until said notes should be fully paid.
This bill further charges, that said negroes did remain in possession of the said Ewen Cameron, in the county of Williamson, State of Tennessee, till his death, that they have since come into their possession as his administrators, and that no part of the purchase money has as yet been paid, and prays that the debt thus due them, as the administrators of Ewen Cameron, from Margaret J. Hans-borough on account of said sale of negroes to her, be a charge upon them preferred to that of Dyer Pearl, the attaching creditor of Decatur Hansborough, and that they have a decree against said negroes for the amount of the purchase money and interest.
The facts, as thus charged in- this cross-bill, are all admitted to be true by Hansborough and wife, and Dyer Pearl has failed in proving them to be untrue. Then how does this case stand upon the facts ? On the 9th day *431 of May, 1843, Ewen Cameron was a resident citizen of the county of Williamson, State of Tennessee; Margaret J., his daughter, married to Decatur Hansborough, was with him a resident citizen of the State of Mississippi. She being a feme covert, did, on that day, in the county of Williamson, State of Tennessee, contract with her father, the said Ewen Cameron, to buy of him the five slaves in controversy, and she did, in pursuance of such contract, execute to him her notes, one for five hundred dollars, and one for seven hundred and fifty dollars, in consideration of which he executed to her a deed of gift, purporting to convey to her said slaves for and in consideration of one hundred dollars and natural love and affection, but in reality the consideration for which said conveyance was made, was the two notes above specified, and the transaction was a purchase, and the purchase money not being paid, the possession of the property was retained as security therefor by parol agreement between the parties.
Out of this state of existing facts, all the questions contested in this case arise. Preliminary to the discussion of the questions legitimately presented by this record, we deem it proper to remark, that if the attaching creditor, Dyer Pearl, could have established by proof that this transaction, between Ewen Cameron and Margaret J. Hansborough, his daughter, was merely colorable, and that the contract was really made between said Cameron and Decatur Hansborough, and that the bill of sale was executed to his wife, Margaret J., with a view to hinder and delay his creditors, he, the said Pearl, would have had the undoubted right to attach his debt upon these negroes, subject to such claim as the personal representatives of Ewen Cameron may have in equity upon them *432 as security for the unpaid purchase money, or if be could have shown that this contract of purchase was made by Hansborough’s wife, as his agent and for his use, or that after it was made, he ratified and confirmed it, he would have had a like remedy with a like restriction. But he has failed to do either of these things. The allegations in the cross-bill, the answer of Hansborough and wife to the original and cross-bill, show most conclusively that the contract between Ewen Cameron and his daughter Margaret J. Hansborough, was not made for or on the part of her husband, Decatur, but for herself, and that he never did recognize, adopt, or confirm it as his contract, and there is nothing in the proof which can do more than cast a shade of suspicion upon the honesty of the transaction, nothing from which we can say that the answers are disproved. This then leaves Dyer Pearl’s claim to have these slaves subjected to the payment of his debt against Decatur Hansborough, resting upon the rights of the several parties to this transaction, as secured to them by the law upon the facts as heretofore stated; if under them Hansborough has any right in the slaves, Pearl is entitled to have such right subjected by a decree to his debt, if not, not. We will proceed to examine how this is.
Margaret J. Hansborough, the wife of Decatur Hans-borough, is domiciled with him in the State of Mississippi; being so domiciled, her father, a resident citizen of the State of Tennessee, conveys to her by a deed of gift the five slaves in dispute, on the 9th day of May, 1843. It is a deed of gift, supported by the adequate consideration of natural love and affection, and not a bill of sale, supported by the inadequate consideration of one hundred dollars; that is, it is upon its face a gift, and not a sale. *433 If it is to be so considered, what is the law in relation to the rights of the parties under it? The negroes are the absolute property of Margaret J. Hansborough, in her own individual right, unaffected by any marital right of her husband, and not liable for his debts. For by an act of the State of Mississippi, passed February 15, 1839, it is provided, that “ any married woman may become seized and possessed of any property, real or personal, by direct bequest, gift, purchase, distribution in her own name and as of her own property, provided the same does not come from her husband after marriage.” Hutchinson’s Mississippi Code, 496.
Margaret J. Hansborough being then domiciled in the State of Mississippi, and being by law capable of taking property by gift to her own separate use, freed from the marital right of her husband, the gift of the slaves from her father to her, individually, vested no right in her husband to them, and they are not responsible by virtue of such gift, to the payment of his debts, and of course not to this attachment bill.
The truth of this proposition is felt and not controverted but admitted; but in order to escape from its operation, it is argued that though this conveyance purports upon its face to be a gift, yet in fact the transaction was a purchase ; that the consideration was not love and affection, but the sum of twelve hundred and fifty dollars, for the payment of which Margaret J. Hansborough executed her two several notes;' that parol proof may be heard to establish this fact, and thus convert this deed of gift, supported by the consideration of love and affection, into a bill of sale, supported by a money consideration; that it being a purchase it inures to the husband, because, by the laws of Tennessee, where the contract was made, *434 a feme covert cannot bind herself by contract, and in consequence of this, these slaves are subject to Pearl’s debt, and that, too, freed from the lien for the purchase money. For it is argued that parol proof cannot be heard to show that possession of the negroes was retained by Ewen Cameron to secure jt, because it contradicts the bill of sale, making it a mortgage when upon its face, it is absolute.
There is much fallacy in the whole of this argument. We cannot, in the first place, well comprehend how, if it be illegal to show by parol proof, that though the bill of sale upon its face purports to convey the negroes absolutely and without a reservation of the possession as the security for the purchase money, yet such was the fact, how can it be legal to introduce parol proof to show that an instrument, which purports on its face to be a deed of gift, is a bill of sale ? If the first changes the nature and quality of the estate from that specified, and gives a different effect to the rights acquired under the conveyance, as it purports to have been made, so does the last. And in the second place, we cannot understand upon what principle it is, that the complainant Pearl shall be permitted to introduce proof contradicting the deed of gift, so far as to show that the transaction was a purchase and not a gift, and to stop, short of explaining the affair. He asks that he be permitted to show that Margaret J. Hansborough bought the negroes, and agreed to pay twelve hundred and fifty dollars. So she did, says the administrators of Ewen Cameron, and she has never paid the money and at the time of-the contract she left the negroes in his possession as security therefor; but stop, says Mr. Pearl, I don’t want to go that far; I only want to prove that it was a purchase, and not a gift. I don’t want to prove *435 that the purchase money has not been paid, and that possession of the negroes was retained by contract for that purpose; that would be varying the contract, which is against law, when it has been reduced to writing. This is blowing hot and cold. If the complainant is not satisfied to take the conveyance as it is upon its face, but insists upon explaining its true character, he must do it in, extenso. He cannot be allowed thus to garble the transaction, proving such parts of it as may be for his benefit, and excluding such as may be for the benefit of others. He must have the whole or none.
But, indeed, this controversy is, in our opinion, freed entirely from any of these objections. For we consider that by the laws of Tennessee, if this transaction, between Ewen Cameron and his daughter, Margaret J. Hansbo-rough, is to be considered as a purchase and not a gift, the whole contract is void, and that no rights whatever have been acquired by any one under it, and that the negroes yet belong to the estate of Ewen Cameron.
Preparatory to the discussion of this question, it is again necessary to premise, that there is no pretence whatever that Decatur Hansborough was in any way party or privy to this purchase made by his wife, or that he has ever ratified or confirmed it — on the contrary he has always expressly repudiated it. He then has no interest under it, for he is in no way responsible for its fulfilment, his wife having no power to bind him by it.
Has she bound herself by it? We think most clearly not. The contract of purchase -was made in Tennessee; by the law of Tennessee a feme covert is incapable of contracting. All her contracts are void. By the law of Mississippi, as we have shown, a married woman may buy in her own name, and of course she may bind herself *436 to pay the consideration money. Margaret J. Hansbo-rough, the vendee in the present case, at the time of the contract, was domiciled in Mississippi. By the law of that State she might make the contract; by the law of Tennessee, where the contract was made, she could not. This produces a conflict. Which is to prevail ? The law of Tennessee, the place of the contract.
Mr. Story, in his treatise upon the conflict of laws, chapter 4, sections 101-2-3, says:—
1. “The capacity, state, and condition of persons, according to the law of their domicil will generally be regarded as to acts done, rights acquired, and contracts made in the place of their domicil, touching property situated therein. If these acts, rights, and contracts have validity there, they will be held equally valid everywhere; if invalid, they will be held invalid everywhere.”
2. “ As to acts done, and rights acquired, and contracts made in other countries, touching property therein, the law of the country where the acts are done, the rights acquired, or the contracts made, will generally govern in respect to the capacity, state, and condition of persons. In affirmance of this doctrine, the Supreme Court of Louisiana, in a case where the direct question came before them, expressly stated that they had no difficulty in assenting to the proposition, that contracts entered into in other States, as it relates to their validity, and the capacity of the contracting parties are to be tried by the lex loci contractus.’'
3. “ Hence we may deduce as a corollary, that in regard to questions of minority and majority, competency or incompetency to marry, incapacities incident to coverture, guardianships, emancipation, and other personal qualities and disabilities, the law of the domicil of birth, or the law of *437 any other acquired and fixed domicil is not generally to govern, but the lex loci contractus aut actus, the law of the place where the contract is made or the act done. Therefore, a person who is a minor until he is of the age of twenty-five years, by the law of his domicil, and incapable as such of making a valid contract there, may, nevertheless, in another country, where he would be of age at twenty-one years, generally, make a valid contract at that age.”
This would be equally true, mutatis mutandis, and is equally true of the personal incapacity of a feme covert, or an infant.
This settles, conclusively, the question as to the power of Margaret J. Hansborough to bind herself by contract in Tennessee. Her contract oí sale, entered into with her father, on the 9th of May, 1843, is a void contract. No rights were acquired under it, and, therefore, both the original and cross-bill in this case should be dismissed with cost. Decree accordingly. -